COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.
SUPERIOR COURT
Civil Action No. 14-00619-A

EASTERN FISHERIES, INC.,
 Plaintiff,

v.

AIRGAS – EAST, INC.,
AIRGAS USA, LLC, and
CES INC.,
 Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

BRISTOL, SS SUPERIOR COURT
FILED.

JUL – 9 2014

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## FIRST AMENDED COMPLAINT

### PARTIES

1. Eastern Fisheries Inc., ("Eastern" or "Plaintiff") is a Massachusetts corporation having a principal place of business at 14 Hervey Tichon Ave., New Bedford, Massachusetts.

2. Airgas - East, Inc., ("Airgas East") is a Delaware corporation having a principal business address of 17-27 Northwestern Drive Salem, New Hampshire, and a registered agent, C T Corporation System, Inc., at 155 Federal Street, Ste. 700, Boston, Massachusetts.

3. Airgas USA, LLC ("Airgas USA") is a Delaware limited liability company having a principal business address of 259 N. Radnor-Chester Road Suite 100, Radnor, Pennsylvania, and a registered agent, C T Corporation System, Inc., at 155 Federal Street Ste 700, Boston, Massachusetts.

4. On information and belief, Airgas USA is a parent, principal, partner, or alter ego of Airgas-East, Inc. and additionally and alternatively is a successor in interest to Airgas – East, Inc.

5.   CES, Inc., ("CES"; hereinafter, Airgas and CES collectively "Defendants") is, on

     information and belief, a corporate entity not registered in the Commonwealth, but

     having a business address of 11959 Tramway Drive Sharonville, Cincinnati, Ohio.

6.   At relevant times, Defendants acted as, and were, partners.

7.   At relevant times, a principal – agent relationship existed between Defendants.


## FACTS

8.   On or about June 21, 2012, Eastern entered into a sales contract with Airgas - East (the

     "Sales Contract") for the purchase of a commercial Triple Pass IQF Tunnel Freezer (the

     "Freezer").

9.   The Freezer was purchased by Eastern for the express purpose of freezing scallops and

     being installed at Eastern's New Bedford scallop processing facility.

10.  The Freezer was manufactured by CES.

11.  The Freezer was installed in or about March 2013.

12.  In anticipation and reliance on the proper functioning of the Freezer, Eastern

     disassembled and removed an existing, functioning, lower capacity freezer.

13.  Within weeks after installation, the Freezer began to experience a series of malfunctions

     and breakdowns that would never be fully repaired or resolved.

14.  On various and diverse occasions from on or before June, 2013, until the Freezer's

     removal and return to Defendants in or about December 2013, Eastern made repeated

     demands for either the prompt repair or removal and return of the Freezer.

15.  On various and diverse occasions from on or before June, 2013, until the Freezer's

     removal and return to Defendants in or about December 2013, Defendants made

repeated promises that the Freezer would be repaired and would otherwise function as promised.

16.   On various and diverse occasions from on or before June, 2013, until the Freezer's removal and return to Defendants in or about December 2013, Defendants made several attempts to repair the Freezer, but were unsuccessful and the Freezer was not repaired.

17.   With each breakdown or malfunction of the Freezer, Eastern's production was brought to a halt, eventually resulting in the accumulation of approximately 30 days of lost production during the relevant periods.

18.   On or about June 17, 2013, Eastern made clear to Defendants that the lost production time due to the malfunctioning Freezer was unacceptable, and tendered the return of the Freezer, requesting instructions for its removal and return.

19.   Defendants responded to the above demand by Eastern on the same day, acknowledging a laundry list of defects, problems and needed repairs, apologizing for the "frustration and delays caused for [Eastern's] production", and imploring Eastern to allow Defendants to resolve the ongoing issues and to "*prove to you that our equipment will exceed your expectations.*" (emphasis added)

20.   In consideration for and in reliance on these and multiple prior and subsequent representations and promises of repair and proper function Eastern forbore its demand for the immediate removal of the Freezer and forbore making alternate arrangements for production.

21.   Defendants, in effect, refused to repair or replace the Freezer in a timely manner, despite the fact that Defendants knew or should have known that the Freezer was either defective or unsuited for its intended purpose.

22.   Despite Defendants' repeated assurances that the problems would be timely and lastingly cured, the Freezer continued to sustain breakdowns and production continued to be lost.

23.   In or about November, 2013, facing revised estimates of several months to fully repair the Freezer, and with no reason to believe that these estimates and promises would be any more reliable than prior estimates and promises, Eastern again demanded the removal and return of the Freezer.

24.   In or about December, 2013, the Freezer was removed and returned to Defendants, with a refund of only the purchase price.

25.   Eastern incurred substantial costs in the installation and removal of both the Freezer and the previously used freezer which was re-installed in Eastern's facility after removal of the Freezer.

26.   In response to demand made by Eastern, Airgas wrongfully disclaimed liability to Eastern, seeking to rely on language in the Sales Contract that purports to limit Airgas' liability to the repair or replacement of the Freezer (the "Disclaimer"), which is not preclusive of or even relevant to the majority of facts and damages as claimed by Eastern.

27.   Damage to Eastern, primarily through lost production, was caused, in large part, by the promises, representations, and misrepresentations made by Defendants after the Freezer first malfunctioned, Eastern's reliance on such promises, representations, and misrepresentations, Defendants' breach of same, and the extended time in which Defendants failed or refused to repair or replace the Freezer.

28.  Eastern's claim is not precluded or even substantially related to the self-serving Disclaimer, which is in any event voided by Defendants' own acts or failures to act, and which is otherwise not applicable or effective as set forth below.

29.  Airgas raising the Disclaimer to try to wrongfully avoid liability is unfair and deceptive within the meaning of M.G.L. ch.. 93A.

30.  Additionally and alternatively, the promises, representations, and misrepresentations made by Defendants after the Freezer first malfunctioned and Eastern's reliance on such promises, representations, and misrepresentations modified the Sales Contract or created a novation or separate contract which Defendants breached, causing Eastern to be harmed.

31.  Additionally and alternatively, the warranty contained in the Sales Contract has failed of its essential purpose, in the situation presented here of prolonged failure to repair or replace the Freezer, together with Defendants' multiple promises to so repair, by failing to require Defendants to timely replace or repair the Freezer or otherwise address the failures and circumstances presented.

32.  Additionally and alternatively, the warranty contained in the Sales Contract deprived Eastern of a minimum adequate remedy in the situation presented here of prolonged failure to repair or replace the Freezer, together with Defendants' multiple promises to so repair.

33.  At relevant times regarding the Sales Contract, CES acted as agent and Airgas East and Airgas USA acted as principal, and an agency relationship existed between them.

34.  At relevant times regarding the Freezer, Airgas East and Airgas USA acted as agent and CES as principal, and an agency relationship existed between them.

35.   At relevant times Defendants were partners in fact and or partners by estopple, acting as partners pursuant to the Sales Contract and the Freezer.

36.   On information and belief, Defendants shared in the profits and losses of the business of selling equipment such as the Freezer.

37.   Eastern substantially performed all of its obligations pursuant to the Sales Contract as amended and pursuant to the novation or subsequent contract as set forth above, and in no way breached any contract or promise made to Defendants.

## COUNT I

### BREACH OF CONTRACT (the Sales Contract)

38.   Plaintiff re-alleges paragraphs 1 –37 as if expressly restated herein.

39.   Defendants' failure or refusal to deliver, repair, replace or timely remove and provide refund for, a functioning Freezer in conformity with the Sales Contract as amended by subsequent promises, representations and misrepresentations, is a breach of the Sales Contract by Airgas East.

40.   At all times, Airgas East acted as the agent, instrumentality, or alter ego of its parent, principal, partner, or successor in interest Airgas USA.

41.   As the parent, principal, partner, alter ego, or successor in interest to Airgas East, Airgas USA is liable for the damages suffered by Plaintiff.

42.   Airgas USA is directly liable to Plaintiff as it otherwise specifically managed, directed, or conducted the operations of Airgas East that resulted in the harm incurred by Plaintiff.

43.   As partners in fact, all Defendants are liable to Plaintiff for breach of the Sales Contract.

44. As partners by estopple, all Defendants are liable to Plaintiff for breach of the Sales
Contract.

45. As principal and agent, all Defendants are liable to Plaintiff for breach of the Sales
Contract.

46. As a result of Defendants' breach, Plaintiff has been harmed.

## COUNT II

### BREACH OF CONTRACT (Promise to Repair)

47. Plaintiff re-alleges paragraphs 1 – 46 as if expressly restated herein.

48. The Defendants repeatedly promised to provide a properly functioning Freezer or repair
the Freezer in a timely manner.

49. In consideration of and induced by Defendants' repeated promises to repair the Freezer,
Plaintiff forbore its demand of removal and refund until November, 2013.

50. Such promise by Defendants, and reliance in consideration by Plaintiff, created a
novation or separate contract, which defendants subsequently breached.

51. At all times, Airgas East acted as the agent, instrumentality, or alter ego of its parent,
principal, partner, or successor in interest Airgas USA.

52. As the parent, principal, partner, alter ego, or successor in interest of Airgas East, Airgas
USA is liable for the damages suffered by Plaintiff.

53. Airgas USA is directly liable to Plaintiff as it otherwise specifically managed, directed,
or conducted the operations of Airgas East that resulted in the harm incurred by
Plaintiff.

54.   As partners in fact, all Defendants are liable to Plaintiff for breach of the promises to repair.

55.   As partners by estopple, all Defendants are liable to Plaintiff for breach of the promises to repair.

56.   As principal and agent, all Defendants are liable to Plaintiff for breach of the promises to repair.

57.   As a result of Defendants' breach, Plaintiff was harmed.

## COUNT III

### NEGLIGENCE

58.   Plaintiff re-alleges paragraphs 1 – 57 as if expressly restated herein.

59.   Defendants owed Plaintiff a duty of care regarding the proper functioning and prompt repair or replacement of the Freezer.

60.   By negligently providing a defective Freezer and negligently failing to promptly or properly repair or replace the Freezer, Defendants breached their duty to Plaintiff and were negligent.

61.   At all times, Airgas East acted as the agent, instrumentality, or alter ego of its parent, principal, partner or successor in interest, Airgas USA.

62.   As the parent, principal, partner, alter ego, or successor in interest to Airgas East, Airgas USA is liable for the damages suffered by Plaintiff.

63.   Airgas USA is directly liable to Plaintiff as it otherwise specifically managed, directed, or conducted the operations of Airgas East that resulted in the harm incurred by Plaintiff.

64.   As partners in fact, all Defendants are liable to Plaintiff for negligence.

65.   As partners by estopple, all Defendants are liable to Plaintiff for negligence.

66.   As principal and agent, all Defendants are liable to Plaintiff for negligence.

67.   As the result of Defendants' negligence, Plaintiff was harmed.


## COUNT IV

## BREACH OF EXPRESS WARRANTY

68.   Plaintiff re-alleges paragraphs 1-67 as if expressly restated herein.

69.   At all relevant times, Defendants were merchants with respect to the Freezer.

70.   The Sales Contract and subsequent promises and representations made by Defendants
      formed an express warranty regarding replacement or repair of the Freezer.

71.   The Freezer was defectively designed, manufactured or distributed.

72.   By failing to timely repair or replace the Freezer, Defendants breached their express
      warranty.

73.   At all times, Airgas East acted as the agent, instrumentality, or alter ego of its parent,
      principal, partner, or successor in interest, Airgas USA.

74.   As the parent, principal, partner, alter ego, or successor in interest to Airgas East, Airgas
      USA is liable for the damages suffered by Plaintiff.

75.   Airgas USA is directly liable to Plaintiff as it otherwise specifically managed, directed,
      or conducted the operations of Airgas East that resulted in the harm incurred by
      Plaintiff.

76.   As partners in fact, all Defendants are liable to Plaintiff for breach of the express
      warranty.

77.     As partners by estopple, all Defendants are liable to Plaintiff for breach of the express
        warranty.

78.     As principal and agent, all Defendants are liable to Plaintiff for breach of the express
        warranty.

79.     As the result of Defendants' breach of the express warranty, Plaintiff was harmed.

## COUNT V

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

80.     Plaintiff re-alleges paragraphs 1-79 as if expressly restated herein.

81.     At all relevant times, Defendants were merchants with respect to the Freezer.

82.     The Freezer was defectively designed, manufactured or distributed.

83.     The Freezer was not fit for its ordinary purpose.

84.     By failing to provide a properly functioning freezer or to timely repair or replace the
        Freezer, Defendants breached the implied warranty of merchantability.

85.     At all times, Airgas East acted as the agent, instrumentality, or alter ego of its parent,
        principal, partner, or successor in interest, Airgas USA.

86.     As the parent, principal, partner, alter ego, or successor in interest to Airgas East, Airgas
        USA is liable for the damages suffered by Plaintiff.

87.     Airgas USA is directly liable to Plaintiff as it otherwise specifically managed, directed,
        or conducted the operations of Airgas East that resulted in the harm incurred by
        Plaintiff.

88.     As partners in fact, all Defendants are liable to Plaintiff for breach of the implied
        warranty of merchantability.

89.  As partners by estopple, all Defendants are liable to Plaintiff for breach of the implied warranty of merchantability.

90.  As principal and agent, all Defendants are liable to Plaintiff for breach of the implied warranty of merchantability.

91.  As the result of Defendants' breach of the implied warranty of merchantability, Plaintiff was harmed.

## COUNT VI

## BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

92.  Plaintiff re-alleges paragraphs 1 – 91 as if expressly restated herein.

93.  At all relevant times, Defendants were merchants with respect to the Freezer.

94.  Defendants sold a distinctive piece of equipment, understanding its unique, specialized and intended use.

95.  Plaintiff relied on Defendants' initial representations of the Freezer's functionality, as well as later representations and promises of repair and proper function.

96.  Because Plaintiff relied on those representations, it its demand for immediate removal of the Freezer and did not make alternate arrangements for production.

97.  By failing to provide a properly functioning freezer or to timely repair or replace the Freezer, Defendants breached their warranty of fitness for a particular purpose.

98.  At all times, Airgas East acted as the agent, instrumentality, or alter ego of its parent, principal, partner, or successor in interest, Airgas USA.

99.  As the parent, principal, partner, alter ego, or successor in interest to Airgas East, Airgas USA is liable for the damages suffered by Plaintiff.

100. Airgas USA is directly liable to Plaintiff as it otherwise specifically managed, directed, or conducted the operations of Airgas East that resulted in the harm incurred by Plaintiff.

101. As partners in fact, all Defendants are liable to Plaintiff for breach of the warranty of fitness for a particular purpose.

102. As partners by estopple, all Defendants are liable to Plaintiff for breach of the warranty of fitness for a particular purpose.

103. As principal and agent, all Defendants are liable to Plaintiff for breach of the warranty of fitness for a particular purpose.

104. As the result of Defendants' breach of the warranty of fitness for a particular purpose, Plaintiff was harmed.

## COUNT VII

## BREACH OF EXPRESS WARRANTY; M.G.L. ch. 106, § 2-313

105. Plaintiff re-alleges paragraphs 1-104 as if expressly restated herein.

106. At all relevant times, Defendants were merchants with respect to the Freezer.

107. The Sales Contract and subsequent promises and representations made by Defendants formed an express warranty regarding replacement or repair of the Freezer.

108. The Freezer was defectively designed, manufactured or distributed.

109. By failing to timely repair or replace the Freezer, Defendants breached their express warranty.

110. At all times, Airgas East acted as the agent, instrumentality, or alter ego of its parent, principal, partner, or successor in interest, Airgas USA.

111. As the parent, principal, partner, alter ego, or successor in interest to Airgas East, Airgas USA is liable for the damages suffered by Plaintiff.

112. Airgas USA is directly liable to Plaintiff as it otherwise specifically managed, directed, or conducted the operations of Airgas East that resulted in the harm incurred by Plaintiff.

113. As partners in fact, all Defendants are liable to Plaintiff for breach of the express warranty.

114. As partners by estopple, all Defendants are liable to Plaintiff for breach of the express warranty.

115. As principal and agent, all Defendants are liable to Plaintiff for breach of the express warranty.

116. As the result of Defendants' breach of the express warranty, Plaintiff was harmed.

## COUNT VIII

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY;
### M.G.L. ch. 106, § 2-314

117. Plaintiff re-alleges paragraphs 1-116 as if expressly restated herein.

118. At all relevant times, Defendants were merchants with respect to the Freezer.

119. The Freezer was defectively designed, manufactured or distributed.

120. The Freezer was not fit for its ordinary purpose.

121. By failing to provide a properly functioning freezer or to timely repair or replace the Freezer, Defendants breached the implied warranty of merchantability.

122. At all times, Airgas East acted as the agent, instrumentality, or alter ego of its parent, principal, partner, or successor in interest, Airgas USA.

123.    As the parent, principal, partner, alter ego, or successor in interest to Airgas East, Airgas
        USA is liable for the damages suffered by Plaintiff.

124.    Airgas USA is directly liable to Plaintiff as it otherwise specifically managed, directed,
        or conducted the operations of Airgas East that resulted in the harm incurred by
        Plaintiff.

125.    As partners in fact, all Defendants are liable to Plaintiff for breach of the implied
        warranty of merchantability.

126.    As partners by estopple, all Defendants are liable to Plaintiff for breach of the implied
        warranty of merchantability.

127.    As principal and agent, all Defendants are liable to Plaintiff for breach of the implied
        warranty of merchantability.

128.    As the result of Defendants' breach of the implied warranty of merchantability, Plaintiff
        was harmed.

## COUNT IX

### BREACH OF IMPLIED WARRANTY; FITNESS FOR PARTICULAR PURPOSE;
### M.G.L. ch. 106, § 2-315

129.    Plaintiff re-alleges paragraphs 1 – 128 as if expressly restated herein.

130.    At all relevant times, Defendants were merchants with respect to the Freezer.

131.    Defendants sold a distinctive piece of equipment, understanding its unique, specialized
        and intended use.

132.    Plaintiff relied on Defendants' initial representations of the Freezer's functionality, as
        well as later representations and promises of repair and proper function.

133.   Because Plaintiff relied on those representations, it its demand for immediate removal of the Freezer and did not make alternate arrangements for production.

134.   By failing to provide a properly functioning freezer or to timely repair or replace the Freezer, Defendants breached their warranty of fitness for a particular purpose.

135.   At all times, Airgas East acted as the agent, instrumentality, or alter ego of its parent, principal, partner, or successor in interest, Airgas USA.

136.   As the parent, principal, partner, alter ego, or successor in interest to Airgas East, Airgas USA is liable for the damages suffered by Plaintiff.

137.   Airgas USA is directly liable to Plaintiff as it otherwise specifically managed, directed, or conducted the operations of Airgas East that resulted in the harm incurred by Plaintiff.

138.   As partners in fact, all Defendants are liable to Plaintiff for breach of the warranty of fitness for a particular purpose.

139.   As partners by estopple, all Defendants are liable to Plaintiff for breach of the warranty of fitness for a particular purpose.

140.   As principal and agent, all Defendants are liable to Plaintiff for breach of the warranty of fitness for a particular purpose.

141.   As the result of Defendants' breach of the warranty of fitness for a particular purpose, Plaintiff was harmed.

## COUNT X

### MISREPRESENTATION

142.   Plaintiff re-alleges paragraphs 1 – 141 as if expressly restated herein.

143. At various and diverse times, Defendants misrepresented that the Freezer was fit for its intended purpose, fraudulently inducing Plaintiff into purchasing the Freezer.

144. At various and diverse times, Defendants misrepresented their ability or intention to repair the Freezer or otherwise provide a functioning freezer, fraudulently inducing Plaintiff to forbear its demand to remove the Freezer.

145. At all times, Airgas East acted as the agent, instrumentality, or alter ego of its parent, principal, partner, or successor in interest, Airgas USA.

146. As the parent, principal, partner, alter ego, or successor in interest to Airgas East, Airgas USA is liable for the damages suffered by Plaintiff.

147. Airgas USA is directly liable to Plaintiff as it otherwise specifically managed, directed, or conducted the operations of Airgas East that resulted in the harm incurred by Plaintiff.

148. As partners in fact, all Defendants are liable to Plaintiff for misrepresentation.

149. As partners by estopple, all Defendants are liable to Plaintiff for misrepresentation.

150. As principal and agent, all Defendants are liable to Plaintiff for misrepresentation.

151. As a result of Defendants' misrepresentations, Plaintiff was harmed.

### COUNT XI

### VIOLATION OF M.G.L. ch 93A §11

152. Plaintiff re-alleges paragraphs 1 – 151 as if expressly restated herein.

153. At all relevant times, Plaintiff and Defendants were engaged in commerce within the Commonwealth.

154. Defendants' wrongful actions as set forth above, including their misrepresentations and the wrongful denial of liability by Airgas East and Airgas USA based on an inapplicable

and void contract provision, are unfair and deceptive acts in violation of M.G.L. ch. 93A §11.

155.    As a result of Defendants' unfair and deceptive acts, Plaintiff was harmed.


WHEREFORE, Plaintiff requests the following relief:

1.  Judgment for Plaintiff and against all defendants on all counts of Plaintiff's Complaint;

2.  That Plaintiff be awarded its actual damages, and that such award be doubled or tripled in accordance with M.G.L. ch. 93A;

3.  That Plaintiff be awarded interest, costs and reasonable attorney's fees; and

4.  For such other and further relief as is deemed meet and just.


                                        EASTERN FISHERIES, INC.,
                                        By its attorneys,


Dated: July  8  2014


                                        _____
                                        James Hoyt, (BBO# 644651)
                                        Gregg M. Lysko, (BBO# 566627)
                                        Hoyt Legal, LLC
                                        63 South Street, Ste. 300
                                        (508) 435-3000