UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EASTERN FISHERIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civ. Action No. 14-cv-13073-LTS |
| AIRGAS USA, LLC and CES, INC., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PENDING MOTIONS (DOC. NOS. 54, 56, 57, 58)

February 25, 2016

SOROKIN, J.

I.  INTRODUCTION

On January 28, 2016, the Court entered an order allowing in part and denying in part the summary judgment motions filed by Airgas USA, LLC ("Airgas") and CES, Inc.'s ("CES") (collectively, the "Defendants").  Doc. No. 49.  In light of that decision, the parties have filed four motions.  The Defendants have moved for leave to file a second motion for summary judgment. Doc. No. 54.  Eastern Fisheries, Inc. ("Eastern") then filed a motion to amend its complaint, Doc. No. 56; a motion for sanctions, Doc. No. 57; and a motion for reconsideration, Doc. No. 58.  All four motions are DENIED.

II.  DISCUSSION

A.  Defendants' Motion for Leave to File a Second Summary Judgment Motion

The Defendants seek to file a second summary judgment motion, arguing that "the Court has clarified [Eastern's remaining misrepresentation claim] as a negligent misrepresentation claim and not a fraudulent misrepresentation claim."  Doc. No. 54 at 1.  The Defendants assert that

1

Eastern may not recover "benefit of the bargain" damages for such a claim and that the economic loss doctrine bars the claim. Id. at 3.

The Defendants misconstrue the Court's order on their motions for summary judgment. The Court specifically noted that Eastern "does not specify whether [its] theory is intentional or negligent misrepresentation." Doc. No. 49 at 9. The Court, therefore, outlined the law relevant to either claim and noted that the showing necessary to support a negligent misrepresentation claim is less demanding than that required for intentional misrepresentation. Id. at 10. Without characterizing the nature of Eastern's claim, the Court concluded that, "at a minimum," there is a question of fact regarding whether the Defendants exercised reasonable care in obtaining and communicating information to Eastern. Id. at 12. While that question of fact is relevant to a negligent misrepresentation inquiry, the Court did not construe Eastern's claim as one for negligent misrepresentation, the less arduous, in terms of proof required, of the two possible misrepresentation claims. The Defendants object that they were not on notice that Eastern had pled a claim for negligent misrepresentation. Doc. No. 54 at 2. Eastern's lack of specificity, however, was clear from the face of the complaint, which does not specify the type of misrepresentation claim Eastern intended to pursue, alleging only that the Defendants "misrepresented their ability or intention to repair the Freezer or otherwise provide a functioning freezer, fraudulently inducing Plaintiff to forbear its demand to remove the Freezer." Doc. No. 1-3 ¶ 144. The Defendants had ample opportunity to inquire further as to the nature of this claim during discovery.

Even if the Court were to construe Eastern's claim as one solely for negligent misrepresentation, the Defendants are incorrect that the economic loss doctrine would bar the claim. Doc. No. 54 at 3. "[I]n 1998 the Massachusetts Appeals Court flatly stated, without

drawing distinctions, that '[a]n exception to the [economic loss] doctrine permits recovery for economic losses resulting from negligent misrepresentation." Cummings v. HPG Int'l, Inc., 244 F.3d 16, 24 (1st Cir. 2001) (quoting Nota Constr. Corp. v. Keyes Assocs., Inc., 45 Mass. App. Ct. 15, 20 (1998) (alterations in original)). In addition, while the Defendants rightly assert that Massachusetts law does not permit "benefit of the bargain" damages, including lost profits, for negligent misrepresentation, Cambridge Plating Co. v. Napco, Inc., 85 F.3d 752, 774 (1st Cir. 1996), Eastern seeks to recover more than lost profits, if any. Eastern asserts damages for the amount it spent in preparation for and installation of the freezer, costs related to the freezer's removal, and lost or limited production. Doc. No. 40-1 ¶¶ 43, 44, 50. If the Defendants can show that these categories of damages include lost profits, they may argue to exclude those damages in a motion *in limine* or at trial.

The Defendants' motion for leave to file a second summary judgment motion is DENIED.

B. Eastern's Motions

Eastern moves for leave to amend its first amended complaint to add counts for civil conspiracy and RICO violations. Doc. No. 56. Eastern erroneously asserts that the applicable standard is that set forth in Fed. R. Civ. P. 15(a), which provides that leave to amend prior to trial should be "freely give[n] when justice so requires." Id. at 2. Fed. R. Civ. P. 16 states that the deadlines set by the Court pursuant to a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Consequently, "Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motion to amend filed after scheduling order deadlines have passed." Somascan v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013) (internal quotation marks omitted).

Eastern filed its first amended complaint on July 9, 2014. D. 1-3. The scheduling order entered by this Court required amended pleadings to be filed by January 15, 2015. Doc. No. 15. Discovery was completed on May 31, 2015. Doc. No. 23. Summary judgment motions were filed on July 15, 2015, and the Court ruled on those motions on January 28, 2016. Doc. Nos. 27, 32, 49. Now, more than seventeen months after the initiation of this action and more than thirteen months after the deadline for amendment has passed, Eastern seeks to assert two new claims against the Defendants. "[W]hen considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has at the very least the burden of showing some valid reason for his neglect and delay." In re Lombardo, 755 F.3d 1, 3 (1st Cir.2014) (internal alterations and quotation marks omitted). Eastern makes no such showing, and the Court rejects its assurance that the additional claims will not require further discovery, engendering delay and prejudicing the Defendants. The Court DENIES Eastern's motion for leave to amend for failure to demonstrate good cause.

Eastern also moves for sanctions against the Defendants for spoliation of evidence. Doc. No. 57. Eastern argues that after the Defendants removed the freezer from its premises, the Defendants dismantled the freezers and used the parts to make freezers sold to third parties. Id. at 2. Eastern contends that, by these actions, the Defendants "denied Plaintiff the opportunity to conduct any inspection or testing of the Freezer." Id. Eastern seeks a default judgment in its favor, an adverse inference instruction at trial, or the dismissal of the Defendants' affirmative defenses. Id. at 4.

Eastern's argument barely acknowledges that the freezer in question was on its premises for at least six months. The freezer was removed upon Eastern's request because Eastern was

unhappy with the performance of the freezer.  Eastern, therefore, had its own opportunity to make an independent assessment regarding the malfunctions experienced by Eastern.

The Court declines to impose any of the sanctions Eastern requests.  However, should Eastern wish to revisit the issue of spoliation of evidence, it may do so by way of motion *in limine* prior to trial or through the evidence adduced at trial.  The motion, therefore, is DENIED WITHOUT PREJUDICE to that extent.

Finally, Eastern moves for reconsideration of the Court's order allowing in part the Defendant's motions for summary judgment, Doc. No. 49.  Doc. No. 58.  Eastern must "demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).  Because it merely "reargue[es] theories previously advanced and rejected," id., after careful consideration, the Court DENIES Eastern's motion for reconsideration.

III.   CONCLUSION

For the foregoing reasons, the Defendants' motion for leave to file a second motion for summary judgment, Doc. No. 54, is DENIED.  Eastern's motion for leave to amend the first amended complaint, Doc. No. 56, is DENIED.  Eastern's motion for sanctions, Doc. No. 57, is DENIED WITHOUT PREJUDICE.  Finally, Eastern's motion for reconsiderations, Doc. No. 58, is DENIED.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge